# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOWARD LEE COOKS,<br><br>Defendant. | Case No. CR12-0047<br><br>ORDER FOR PRETRIAL DETENTION |

On the 14th day of June, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 5, 2012, Defendant Howard Lee Cooks was charged by Indictment (docket number 2) with distribution of crack cocaine (Counts 1 and 2) and being a felon in possession of a firearm (Count 3). At the arraignment on June 12, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on August 13, 2012.

At the hearing, Cedar Rapids Police Officer John O'Brien testified regarding the circumstances underlying the instant charge.[1] On May 6, 2010, Defendant was involved in two separate controlled drug purchases. The controlled purchases took place about 1 hour apart. In both instances an undercover agent and a confidential informant met Defendant in a parking lot, entered Defendant's vehicle, and purchased 2 grams of crack cocaine from the Defendant for $150.00. O'Brien testified that law enforcement both

---

[1] Officer O'Brien is currently assigned to the FBI Safe Streets Task Force.

recorded and photographed the two transactions. According to O'Brien, Defendant is recognizable in the photographs taken during both drug transactions.

On May 19, 2011, law enforcement was dispatched near Defendant's residence on a call of "shots fired." Near the front door of Defendant's residence, officers found spent shell casings inside and outside the door area. Inside Defendant's residence, officers found a .45 caliber handgun under a mattress. Defendant admitted to officers that he fired the handgun into the air.[2] Two neighbors also told law enforcement that they saw Defendant with a gun. Samantha Prior, a former girlfriend, told officers that she bought the handgun for Defendant as a Birthday present.

According to the pretrial services report, Defendant is 33 years old. He was born in Champaign, Illinois, and grew up in Chicago. He moved to Cedar Rapids about 7 years ago. Defendant told the pretrial services officer that he has lived with his cousin for the past year, but was unable to provide an address for the residence.[3] Defendant was married in 2006, but separated from his wife about one year later. However, they have never divorced. They have one child together, who lives in New Mexico with his mother. Defendant has two additional children from two separate relationships. Both of those children live with their mothers in Chicago.

Defendant was hired by Whirlpool in Amana, Iowa, approximately three weeks ago. Defendant's employment was terminated, however, on June 12, 2012 (apparently following his arrest). Defendant is in good physical health, but states that he suffers from depression when he is incarcerated. Defendant stated that he smoked marijuana as a teenager and young adult, but now rarely smokes marijuana. He stated that his last use was over one year ago.

---

[2] Anita Shayde told police officers that Defendant pistol-whipped her and then fired the gun on May 19, 2011.

[3] Samantha Prior confirmed that Defendant had been living with his cousin, but also was unable to provide an address for the residence.

2

Defendant has an extensive criminal record. In 1997, at age 18, Defendant was charged in Cook County, Illinois, with possession of marijuana. The charge was stricken with leave to reinstate. In 1998, Defendant was charged in four separate instances with disorderly conduct (twice),[4] gambling, and a two count charge of domestic battery and possession of marijuana. Both disorderly conduct charges and the gambling charge were stricken with leave to reinstate. Defendant was convicted and sentenced to community service on the domestic abuse charge and 6 months probation on the marijuana possession charge. (A charge of resisting a peace officer was stricken with leave to reinstate.) In 1999, Defendant was charged with soliciting an unlawful business. That charge was not prosecuted.

On March 7, 2000, Defendant was charged with possession of marijuana. On April 6, 2000, while the March possession of marijuana charge was pending, Defendant was charged with possession of marijuana a second time. He was also charged with driving with a suspended license. On April 14, 2000, Defendant was charged in four separate counts with possession of marijuana, unlawful use of a weapon, registration of firearms, and delivery of marijuana. The disposition of all of these charges is shown as "unknown" in the pretrial services report, although testimony at the hearing suggested they resulted in a felony drug conviction. *See* Government's Exhibit 1.

On August 21, 2000, Defendant was charged and later convicted of possession of marijuana. While that charge was pending, on September 18, 2000, Defendant was charged and later convicted of possession of a controlled substance. On February 14, 2001, Defendant was sentenced to one year in prison for both charges. He was paroled on November 27, 2001. His parole was revoked and he was returned to prison on May 14, 2002. He was discharged on August 20, 2002.

On July 15, 2003, Defendant was charged and later convicted of possession of a controlled substance in Linn County, Iowa. On July 28, 2003, Defendant failed to appear

---

[4] Defendant's second disorderly conduct charge occurred while he was on probation for the 1998 possession of marijuana charge.

for a court proceeding, and an arrest warrant was issued. The warrant was returned on December 15, 2003, but Defendant again failed to appear for his arraignment on December 26, 2003. A second arrest warrant was issued. That arrest warrant was not returned until September 4, 2007. He was sentenced to 2 days in jail on September 7, 2007.

Meanwhile, while that arrest warrant was outstanding, Defendant was charged in Cook County, Illinois, with gambling in October 2003, and two counts of possession of a controlled substance and possession of marijuana in November 2003. The disposition is unknown on the gambling charge, and the possession charges were not prosecuted.

In February 2004, while the Linn County arrest warrant remained outstanding, Defendant was charged in Cook County with driving with a suspended license. The disposition of that charge is unknown. In May 2004, Defendant was charged and later convicted of possession of a controlled substance. He was sentenced to two years in prison in 2008. In November 2005, while the Linn County arrest warrant was still outstanding, Defendant was charged and later convicted of driving without a license in Memphis, Tennessee.

On March 2, 2008, while the 2004 possession of a controlled substance charge remained pending in Cook County, Defendant was charged with possession of marijuana. This charge was stricken with leave to reinstate.

On April 2, 2010, Defendant was charged and later convicted of possession of drug paraphernalia in Linn County, Iowa. On May 27, 2010, Defendant was charged and later convicted of two counts of possession of a controlled substance. He was sentenced to 2 days in jail on each count. On November 16, 2010, while the two counts of possession of a controlled substance remained pending, Defendant was charged and later convicted of another charge of possession of a controlled substance. Defendant was sentenced to 2 days in jail.

On July 13, 2011, Defendant was charged with unlawful possession of a prescription drug, disorderly conduct, and interference with official acts. Defendant failed to appear for his pretrial conference, and an arrest warrant was issued. Defendant was

sentenced to 30 days in jail on each count, but the jail terms were suspended. He was also given one year of probation on each count. On July 21, 2011, Defendant was charged and later convicted of driving with a suspended license.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person

as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of

persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with two counts of distribution of crack cocaine and one count of being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C ) and (E).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong on all three charges. Counts 1 and 2 are based on two separate controlled drug transactions involving an undercover agent and confidential informant purchasing crack cocaine from Defendant inside Defendant's vehicle. Law enforcement recorded and photographed both transactions. Officer O'Brien testified that Defendant is recognizable in the photographs taken during both drug transactions. With regard to Count 3, Defendant admitted to law enforcement that he fired a handgun into the air on May 19, 2011. Additionally, two neighbors told law enforcement that they witnessed Defendant with the firearm.

As a general proposition, the combination of the distribution of drugs and possession of a firearm constitutes a general danger to the community. Defendant has multiple drug convictions. Defendant also has a history of committing offenses while on pretrial release, and failing to appear for court proceedings. Defendant's current living arrangements are not verified by the pretrial services officer because Defendant was unable to provide his cousin's address. Additionally, in April 2012, Defendant's former girlfriend told law enforcement that she did not know where Defendant was residing, and stated he

might be in Chicago or Mississippi. Defendant also recently lost his employment. I believe there is no condition or combination of conditions that would assure Defendant's appearance for court proceedings, or assure the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, the strong evidence against him, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (June 12, 2012) to the filing of this Ruling (June 15, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 15th day of June, 2012.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA