# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HOWARD LEE COOKS, <br><br> Defendant. | No. CR12-0047-LRR <br><br> **ORDER** |

This matter comes before the court on the defendant's motion to reduce sentence (docket no. 45). The defendant filed such motion on December 10, 2013.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). In addition, USSG §1B1.10, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that

> defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The defendant does not cite to an amendment that is included within USSG §1B1.10(c). Accordingly, the defendant's motion to reduce sentence (docket no. 45) is denied.[1]

**IT IS SO ORDERED**.

**DATED** this 12th day of December, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes that the defendant is unable to rely on *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013). This is so because the defendant was not subject to a mandatory minimum sentence. The court also notes that the Supreme Court has not made *Alleyne* retroactive to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *accord United States v. Redd*, 2013 U.S. App. LEXIS 22423 (2d Cir. 2013).